**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**EDWARD D. WARD**                                                           **PLAINTIFF**

**v.**                                                                                      **No. 4:13CV74-D-A**

**ERNEST LEE, ET AL.**                                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

On August 22, 2013, plaintiff Edward D. Ward, an inmate in the custody of the Mississippi State Penitentiary with inmate number W0132, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

## Allegations

On November 20, 2012, at the Mississippi State Penitentiary, Ward and two federal inmates,[2] Gabriel Clark and Sidney Griffin, had been pat-searched twice and were returning to their unit from the dining hall. The other two inmates assaulted Ward with a fan motor, splitting his head, cutting his lip, and injuring his leg. Sometime before the attack, Clark, had pulled a "shank," given it to Lt. Mildred Rome, and told her that if he was not moved back to federal custody, he would make another shank and hurt someone. Ward and other inmates heard Clark

---

[1] 28 U.S.C. § 1915(g).

[2] At his *Spears* hearing, Ward explained that the federal inmates were housed in the state system under an inmate exchange program.

tell Rome that if he was returned to the unit he would do bodily harm to someone, though he did not specify a target for violence. Although Clark was sent away for three weeks to undergo observation on suicide watch, he was nonetheless brought back onto the unit. True to his word, Clark later attacked Ward with help from Griffin. It appears that Ward was simply the first inmate they could attack. Ward had never had trouble with either Clark or Griffin before the time of the attack.

*Respondeat Superior*

Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action pursuant to § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that either Ernest Lee or Faye Noel had any personal involvement in or were causally connected to the attack in any way. As such, the undersigned respectfully recommends that this action be dismissed as to Ernest Lee and Faye Noel for failure to state a constitutional question.

The plaintiff has, however, stated a claim against "Ofc. John Doe" and Mildred Rome for failure to protect him from the attack of other inmates. At the *Spears* hearing, the plaintiff identified defendant "Ofc. John Doe" as the Watch Commander on duty at the time of the incident, though the plaintiff does not know the Watch Commander's name. The instant case will proceed as to these two defendants.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations

are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted, this, the 7th day of April, 2014.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE